[Cite as *State v. Mojica*, 2015-Ohio-4631.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WILLIAMS COUNTY

State of Ohio                                    Court of Appeals No.  WM-15-004

      Appellee                              Trial Court No.  14CR000167

v.

Richard A. Mojica, Jr.                           **DECISION AND JUDGMENT**

      Appellant                             Decided:  November 6, 2015

* * * * *

Kirk E. Yosick, Williams County Prosecutor, and
Katherine J. Zartman, Assistant Prosecuting Attorney, for appellee

Ian A. Weber, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a March 11, 2015 judgment of the Williams County

Court of Common Pleas, sentencing appellant to a total term of incarceration of 21 years

following appellant's conviction of rape with a repeat violent offender specification.  For

the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, Richard A. Mojica, Jr., sets forth the following two assignments of error:

I. THE TRIAL COURT ERRED WHEN IT ABUSED ITS DISCRETION AND SENTENCED APPELLANT TO THE MAXIMUM PRISON TERM OF TWENTY ONE YEARS WHEN THE NEGOTIATED PLEA FROM THE STATE AND APPELLANT WAS A RECOMMENDED EIGHT YEAR SENTENCE.

II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY ACCEPTING APPELLANT'S PLEA OF ADMIT TO THE REPEAT VIOLENT OFFENDER SPECIFICATION THAT WAS ENTERED IN VIOLATION OF CRIM.R 11 BECAUSE THE TRIAL COURT NEVER INFORMED THE APPELLANT THAT THE SENTENCE FOR THE RVO OH SPECIFICATION WAS MANDATORY AND THAT IT WOULD HAVE TO BE SERVED PRIOR TO AND CONSECUTIVELY TO THE PRISON TERM IMPOSED FOR THE UNDERLYING OFFENSE.

{¶ 3} The following undisputed facts are relevant to this appeal. On May 25, 2014, appellant attended a gathering at a home located in Williams County, Ohio. Copious amounts of alcohol were consumed by those in attendance. Notably, at the time of these events, appellant was on active community control for a prior rape conviction

2.

and was prohibited both from drinking alcohol and from spending the night anywhere other than his residence. Appellant stayed overnight at the premises where the gathering occurred and where he consumed alcohol.

{¶ 4} At the party, people made a bonfire, played music, and consumed alcohol. One of the attendees at the party was an 18-year-old girl who is the rape victim in this case. The girl is a sister of the woman who resides at the home where this incident occurred. The victim consumed alcohol during the evening of the incident and then went to sleep in an unoccupied upstairs bedroom at her sister's home.

{¶ 5} The victim had first met appellant at her sister's home on the previous day. The following night, the night of the party, she went to sleep in an upstairs bedroom. During the night, the victim awoke to discover appellant on top of her, her pants removed, and appellant engaging in intercourse. The victim unsuccessfully attempted to push appellant off of her and told him to stop, but he persisted. The victim notified her sister what had occurred and sought emergency medical treatment at an area hospital.

{¶ 6} When interviewed by the police in connection to this matter, appellant's representation of events to the investigating officers was that he had engaged in consensual sex with the victim on a first-floor sofa the evening before the bonfire and party. The victim denied appellant's claim. The victim stated that she was raped by appellant in an upstairs bedroom on the following night.

{¶ 7} Notably, the DNA evidence recovered from the scene was consistent with the victim's version of the events and did not comport with appellant's version of the

3.

incident.  In addition, appellant's criminal history includes two prior rape convictions similarly involving young women who were raped by appellant shortly after meeting them for the first time at a party where significant amounts of alcohol were being consumed by both appellant and the victims.

{¶ 8} On December 16, 2014, appellant was indicted on two counts of rape, in violation of R.C. 2907.02, felonies of the first degree, both counts having sexual violent predator and repeat violent offender specifications.

{¶ 9} Following significant pretrial discussions and the litigation of several disputed pretrial motions, a negotiated plea agreement was reached.  On February 17, 2015, appellant pled guilty to the first count and the accompanying repeat violent offender specification.  In exchange, the sexually violent predator specification of the first rape count and the second rape count, along with both accompanying specifications, were all dismissed.

{¶ 10} Following appellant's voluntary plea, a presentence investigation was ordered. Appellant did not comply with the presentence investigation.  Accordingly, the presentence investigation reports prepared in connection to appellant's prior rape convictions were also reviewed by the court in connection to his conviction in the instant case.  The record reflects a pattern of appellant meeting young women at parties, consuming alcohol with them, and subsequently raping them.

4.

{¶ 11} On March 11, 2015, appellant was sentenced to an 11-year term of incarceration on the rape conviction, and a 10-year term of incarceration on the accompanying repeat violent offender specification, ordered to be served consecutively, for a total term of incarceration of 21 years.

{¶ 12} At sentencing, the trial court expressly emphasized that the discretionary, additional 10-year term of incarceration for the repeat violent offender specification was being imposed based upon the trial court's determination that under the facts and circumstances of the case, an 11-year term of incarceration would be inadequate punishment. The trial court further noted at sentencing that the additional time being imposed was warranted in order to protect the public and so as to not demean the seriousness of the offense. This appeal ensued.

{¶ 13} In the first assignment of error, appellant maintains that the trial court acted improperly and abused its discretion in sentencing appellant to maximum, consecutive sentences. We do not concur.

{¶ 14} Appellate felony sentencing review is governed by R.C. 2953.08(G)(2). It delineates the proper appellate standard of review in felony sentencing cases. The statute establishes that abuse of discretion is no longer the applicable standard of review for felony sentencing. Rather, R.C. 2953.08(G)(2) directs that an appellate court may increase, decrease, modify, or vacate and remand a disputed felony sentence if it clearly and convincingly finds that either the record of evidence does not support applicable

5.

statutory findings pursuant to R.C. 2929.13(B) or (D), R.C. 2929.14 (C)(4) or (B)(2)(e), or R.C. 2929.20(I), or the sentence is otherwise contrary to law. *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11.

{¶ 15} As applied to the instant case, the record reflects that the only applicable statutory findings to be considered in this case are the R.C. 2929.14(B)(2)(e) repeat violent offender findings necessary in order for the court to properly exercise the discretionary authority to impose an additional term of incarceration based upon a repeat violent offender specification, in addition to time imposed for the related first degree felony conviction for an offense of violence.

{¶ 16} We note that the sentencing transcript in this case clearly reflects that the trial court complied with the required statutory repeat violent offender findings prior to the discretionary imposition of additional time. The record reflects appellant possesses past felony rape convictions of a similar nature, exhibits no remorse, and attributes blame to the victims.

{¶ 17} Accordingly, the trial court unambiguously conveyed that the maximum term of incarceration for appellant's rape conviction was inadequate punishment for the crime and that additional time was required in order to protect the public. Trial court further determined and noted that it would be demeaning to the seriousness of the crime to not impose the additional time. The record reflects that these findings were made in the context of appellant possessing a lengthy and serious criminal history involving multiple prior felony convictions, including past rape convictions similarly involving

6.

young victims whom appellant met, consumed copious amounts of alcohol with, and subsequently raped. The record also contains abundant evidence plainly reflecting appellant's lack of remorse and mistaken perception that a victim who has consumed alcohol prior to being raped is not a rape victim.

{¶ 18} In conjunction with the above, we note that appellant concedes the trial court's compliance with the R.C. 2929.14(B)(2)(e) applicable, required statutory findings. Appellant states, "[A]ppellant does not claim the criteria were not met." This comports with the above-discussed ample evidence in the record establishing compliance.

{¶ 19} Lastly, appellant has not demonstrated that the disputed sentenced was somehow otherwise clearly and convincingly contrary to law. Based upon the foregoing and pursuant to R.C. 2953.08(G)(2), we find that the disputed sentence was not clearly and convincingly based upon applicable statutory findings that were not supported by the record and was not otherwise clearly and convincingly contrary to law. We find appellant's first assignment of error not well-taken.

{¶ 20} In appellant's second assignment of error, appellant contends that the trial court erred in not adequately or properly advising appellant in connection to the potential sentencing consequences for appellant's repeat violent offender specification. The record does not bear out appellant's position.

{¶ 21} The record reflects that the trial court thoroughly conveyed all potential sentencing ramifications to appellant and that appellant repeatedly and unambiguously affirmed his understanding of same.

7.

**{¶ 22}** The trial court stated in pertinent part,

> If I accept your guilty plea to Count I, the maximum penalty that this Court could impose is a maximum of eleven (11) years on the felony of the first degree. Also, because of your admission to specification number two, if the Court gives you the maximum from the felony of the first degree, or an eleven (11) year sentence, the court then has the discretion to add an additional ten (10) years to that term of imprisonment if the basic term is inadequate to punish and protect the public and it would also be demeaning to the seriousness of the offense. What that all means is the potential maximum penalty in this case if I accept your guilty plea is a maximum of twenty-one (21) years. You understand that?

**{¶ 23}** The record reflects that appellant unambiguously affirmed his understanding and that appellant unambiguously declined the trial court's offer to explain once again all of the details of the sentencing possibilities stemming from the plea agreement.

**{¶ 24}** Given the record of evidence and pursuant to the trial court's express authority set forth in R.C. 2929.14(B)(2)(a), we find no impropriety in connection to the trial court's sentencing of appellant regarding the repeat violent offender specification. Wherefore, we find appellant's second assignment of error not well-taken.

8.

**{¶ 25}** Based upon the foregoing, we find that substantial justice has been done in this matter.  The judgment of the Williams County Court of Common Pleas is hereby affirmed.  Appellant is ordered to pay the cost of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.      _____

JUDGE

Thomas J. Osowik, J.     

_____

Stephen A. Yarbrough, P.J.      JUDGE

CONCUR.

_____

JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.